AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>ERNEST SHAW, JR.<br><br>**Defendant** | )<br>)<br>)  Case No.  5:19-MJ- 616 (ATB)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of September 25, 2019 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C §§ 841(a)(1) and (b)(1)(C) | Possession with intent to distribute a mixture and substance containing cocaine base and a mixture and substance containing a detectable amount of heroin |

This criminal complaint is based on these facts:
See Attached Affidavit in Support of Criminal Complaint.

☒   Continued on the attached sheet.

_____
*Complainant's signature*
Robert C. Wiegand, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/25/2019

_____
*Judge's signature*

City and State:   Syracuse, New York         Hon. Andrew T. Baxter, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

*AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT*

I. **BACKGROUND**

I, Robert C. Wiegand, having been duly sworn, do hereby state and depose as follows:

1. I am the applicant herein and I am currently assigned to Group D-54 of the Drug Enforcement Administration (hereinafter DEA). I have been sworn as a Federal Task Force Officer (hereinafter TFO) and am deputized as a D.E.A. Agent. I was deputized as a federal agent in April 2010, and then again in October 2015. I am also a public servant of the kind specified in the New York State C.P.L. 690.05(1), my title being an Investigator. I am also an Investigator with the Onondaga County District Attorney's Office. I have been a member of the Onondaga County District Attorney's Office since 2015. I had previously been employed by the Syracuse Police Department from 1994 to 2014, and was assigned to the Special Investigations Division from 1996 to 2014 as a Narcotics Detective. I have submitted affidavits in the past in support of search warrants and applications for Orders authorizing the interception of wire communications. I have arrested numerous individuals for violations of New York Penal Law Article 220 and Title 21 United States Code. I have also participated in the execution of hundreds of search warrants for controlled substances in which controlled substances, narcotics proceeds and drug paraphernalia have been seized. I have also participated in the execution of many eavesdropping warrants, the subject of which was the possession and sale of narcotics. I have interviewed and worked with many confidential and reliable informants, whose reliability and veracity has been verified through prior law enforcement investigations, and whose assistance has resulted in the controlled purchases of narcotics, controlled substances and

marihuana and the introduction of undercover police officers to persons who engage in the sale of controlled substances. I have attended several schools and seminars, including those given by the Syracuse Police Department, the New York Division of Criminal Justice Services, and the Drug Enforcement Administration, which concern the enforcement of the laws prohibiting trafficking in narcotics and dangerous drugs, as well as the packaging and concealment of narcotics. As a result of my training and experience, I am familiar with the language, conduct, and customs of people engaged in conspiracies to violate the narcotics laws of the State of New York and the United States. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Law Enforcement Officers of state and local law enforcement agencies, Special Agents, and Task Force Officers of DEA, I am fully familiar with the facts and circumstances of this investigation.

2. I make this affidavit in support of a criminal complaint charging **Ernest SHAW, JR.** with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), possession with intent to distribute a controlled substance(s), which violation involved a mixture and substance containing cocaine base, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

3. I based this affidavit in part upon my personal involvement in this investigation and in part based upon information supplied by DEA, Onondaga County Sheriff's Office, Syracuse Police Department, and other local and state law enforcement agencies. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I

2

have set forth only the facts, which I believe, are necessary to establish probable cause for the complaint.

## II. BASIS OF INFORMATION

4. On September 24, 2019, United States Magistrate Judge Thérèse Wiley Dancks authorized an amended search warrant (hereinafter "the Search Warrant") for, among other locations, the following:

    a. 124 West Roswell Avenue, Nedrow, New York 13120 (**Ernest SHAW, JR.'s** primary residence)

5. On September 25, 2019, law enforcement officers executed the Search Warrant at 124 West Roswell Avenue in Nedrow. A search of **SHAW, JR.'s** bedroom revealed a twin size mattress on the floor, which is where **SHAW, JR.** sleeps. The mattress contains a slit/rip. Law enforcement searched inside the slit/rip in the mattress where they found (and recovered) a loaded Glock 40 mm handgun and approximately one (1) ounce of cocaine base (crack cocaine). Next to the mattress, officers recovered an amount of United States currency, two (2) cellular telephones and approximately one (1) gram of crack cocaine. Additionally, in the bedroom, officers recovered a scale with residue, three (3) cellular telephones, and a "bundle[1]" of heroin.

---

[1] A "bundle" consists of ten (10) individual bags (i.e. doses) of heroin.

## III. <u>CONCLUSION</u>

6. Based upon the above, I believe that probable cause exists to believe that **SHAW, JR.** has violated Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), possession with the intent to distribute a controlled substance(s), which violation involved a mixture and substance containing cocaine base, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

_____
Robert C. Wiegand
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before
me this on this 25st day of September,
2019, at Syracuse, New York

_____
Honorable Andrew T. Baxter
United States Magistrate Judge